IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GUY RAY BROWN § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-02-CV-2277-P |
| DOUGLAS DRETKE, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* habeas case has been recommitted to the United States magistrate judge for a recommendation as to when petitioner delivered his notice of appeal to prison authorities for mailing.

I.

Petitioner Guy Ray Brown filed an application for writ of habeas corpus challenging two convictions for aggravated robbery. By judgment entered on December 8, 2004, the application was denied.[1] *Brown v. Dretke*, No. 3-02-CV-2277-P (N.D. Tex. Oct. 21, 2004), *rec. adopted by* Order, 12/7/04. On timely motion filed by petitioner, the magistrate judge recommended that the deadline for filing a notice of appeal be extended until February 10, 2005, or 10 days after the district judge adopted the recommendation, whichever is later. The district court adopted that recommendation on January 19, 2005, making the notice of appeal due by February 10, 2005. *See* Order, 1/19/05.

---

[1] This court originally dismissed petitioner's federal writ on limitations grounds. *Brown v. Cockrell*, No. 3-02-CV-2277-P, 2003 WL 23469348 (N.D. Tex. Mar. 3, 2003). The Fifth Circuit granted a certificate of appealability, vacated the judgment, and remanded the case for a determination on the merits. *Brown v. Dretke*, 100 Fed.Appx. 290, 2004 WL 1240520 (5th Cir. Jun. 7, 2004).

Although petitioner eventually tendered a notice of appeal dated February 6, 2005, the notice was not received by the clerk until July 7, 2005. Unable to determine whether petitioner timely deposited this pleading in the prison mail system, the Fifth Circuit remanded the case to this court for such a determination. *Brown v. Dretke*, No. 06-10109 (5th Cir. Mar. 7, 2006).

II.

In order to determine when petitioner placed his notice of appeal in the prison mail system, the court sent written interrogatories to petitioner and asked respondent to provide verified copies of the prison mail logs. Petitioner failed to answer the interrogatories as directed. On April 21, 2006, respondent provided copies of the outgoing logs for documents mailed by petitioner from the Michael Unit of the TDCJ-ID between February 1, 2005 and July 15, 2005. Those records show that petitioner submitted mail to prison officials on June 23, July 5, and July 15, 2005. The mailings correspond with documents received and filed by the district clerk on June 29, July 7, and July 18, 2005, including petitioner's notice of appeal and motion for certificate of appealability filed on July 7, 2005. [Doc. # 49]. Although no mailings were sent to this court by petitioner in February 2005, the log shows that petitioner sent mail to the Dallas County District Attorney, the Texas Attorney General, and the Innocence Project on February 7, 2005. Counsel for respondent acknowledges receiving a motion for certificate of appealability from petitioner on February 14, 2005.

Without controverting evidence, the court can only conclude that petitioner intended to mail his notice of appeal and motion for certificate of appealability to the district clerk in February 2005, but failed to do so until July 5, 2005. Therefore, his notice is untimely.

**RECOMMENDATION**

The court finds that petitioner deposited his notice of appeal in the prison mail system on July 5, 2005. This case should be returned to the court of appeals for further proceedings.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 27, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE